IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNOLDS, | No. C-05-05201 EDL |
|     Plaintiff, | **ORDER** |
| v. | |
| DOES I THROUGH V ET AL, | |
|     Defendant. | |

    Plaintiff filed this case on December 15, 2005. See Docket No. 1. On April 18, 2006, the Court held an initial case management conference. Only Plaintiff appeared, explaining that he had not yet identified any of the individual Doe defendants except Home Depot, and thus had not yet accomplished service. Plaintiff chose not to serve Home Depot at that time because he intended to file an amended complaint naming additional defendants. See Docket No. 3 at 3. At the conclusion of the conference, the Court ordered Plaintiff to file his amended complaint and serve all defendants within thirty days. See Docket No. 6. Plaintiff did not file his amended complaint until June 9, 2006, three weeks after the Court's deadline for doing so. See Docket No. 8. In his amended complaint, Plaintiff named four additional individuals as defendants: Gerald Verbeck, M. Forbes, Bayani Azucenas, and Deputy Mineo. Plaintiff also failed to serve either Home Depot or any of the new defendants by the Court's deadline. Id. In fact, summonses were not issued for any of the defendants until June 19, 2006. See Docket.

    On June 12, 2006, the Court issued an order to show cause why the case should not be dismissed. See Docket No. 9. The order to show cause hearing was scheduled to take place on June 27, 2006, but would be vacated if Plaintiff served all defendants before the hearing. Id. On

1  June 26, 2006, Plaintiff asked that the hearing be vacated, representing that service "will have been
2  effective most likely by 10:00 a.m. on June 27, 2006" but that he did not have confirmation of
3  service. See Docket No. 10.  The Court continued the hearing until June 30, 2006, once again
4  indicating that it would vacate the hearing if Plaintiff filed proofs of service by 4 p.m. on June 29,
5  2006. See Docket No. 11.

6  As of June 30, 2006, Plaintiff has only filed one proof of service. See Docket No. 12.  The
7  proof states that Plaintiff effected service by mail on Home Depot on June 24, 2006.  Id.  Even this
8  one attempt at service, however, appears to be defective.  Pursuant to the California Code of Civil
9  Procedure (which applies to actions filed in this district), service by mail within the state is not
10 accomplished until the recipient returns the acknowledgment of receipt.  See Cal. Code Civ. Proc.
11 § 415.30; see also Big B. Automotive Corp. v. Coop Computing, Inc., 2000 U.S. Dist. Lexis 16363,
12 *8 (N.D. Cal. Nov. 1, 2000) ("Service by mail under Cal. Civ. Proc. § 415.30 is effective when
13 written acknowledgment of receipt of the summons is returned to the sender, and the date of service
14 is the date the acknowledgment is executed").  Thus, while Plaintiff attempted to discharge his
15 obligation as to at least defendant Home Depot, he failed to effectuate service properly.  Plaintiff
16 apparently did not even attempt to serve the other defendants when he had been allowed at his
17 request to take time to locate and add them to the Complaint.

18 On June 30, 2006, at 10:30 a.m., Plaintiff did not appear for the order to show cause hearing.
19 The Court had not issued a notice vacating the hearing, and Plaintiff had no reasonable basis for
20 believing that the hearing would not take place given his failure to comply with the Court's prior
21 orders to serve the defendants.

22 Because of Plaintiff's disobedience of Court orders and failure to prosecute this action, the
23 Court is considering dismissal of Plaintiff's entire case.  In reaching its decision, the Court will
24 consider any declaration submitted by Plaintiff by July 14, 2006 explaining his failure to appear at
25 //
26 //
27 //
28 //

2

the order to show cause hearing and his continued failure to serve defendants, and offering good cause why the Court should not dismiss his case.

**IT IS SO ORDERED.**

Dated: June 30, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge